IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| DANIEL M. MILLER,<br><br>        Plaintiff,<br><br>   v.<br><br>FACEBOOK, INC.; and YAO WEI YEO,<br><br>        Defendants. | Case No. 1:09-CV-2810-RLV<br><br>**FACEBOOK, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO TRANSFER VENUE** |

Defendant Facebook, Inc. ("Facebook") hereby submits this Memorandum of Points and Authorities in Support of its Motion to Transfer Venue from the United States District Court for the Northern District of Georgia to United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). This case should be transferred for the following reasons:

**I.    INTRODUCTION**

Facebook moves the Court to transfer Plaintiff's case to the United States District Court for the Northern District of California. Plaintiff, a registered Facebook user, agreed to Facebook's Terms of Use ("TOU"). The TOU is a contractual agreement between Facebook and Plaintiff that contains a forum-selection clause requiring that all disputes about or involving the Facebook website or service be litigated in California.

Facebook's TOU contains similar choice of law and personal jurisdiction

provisions providing for the application of California law in California courts.

Despite those clear provisions, Plaintiff ignored the plain language of the TOU by filing his lawsuit against Facebook in the Northern District of Georgia making claims regarding an alleged infringement of Plaintiff's intellectual property rights by another Facebook user on Facebook's social networking internet service, facebook.com.  Facebook requests that the Court enforce the forum choice between Plaintiff and Facebook and accommodate the convenience of the parties and witnesses, pursuant to 28 U.S.C. § 1404(a), by transferring the case to the United States District Court for the Northern District of California.

## II. STATEMENT OF FACTS
### A. The Parties and Basic Allegations

Plaintiff, Daniel M. Miller, alleges three claims against Facebook and one other defendant:  (1) copyright infringement, (2) violation of the Lanham Act, and (3) unfair competition under the Georgia Deceptive Trade Practices Act.  Plaintiff claims to be the author and publisher of a video game called *Boomshine*.  *See* Miller's Complaint Against Facebook (Dkt. No. 1) (hereafter cited as "Compl.") ¶10-13.

Facebook is the most popular social networking site on the Internet with more than 350 million active users worldwide.  Founded in February 2004, Facebook is a "social utility" – a network that helps people communicate more

effectively and efficiently with their friends, family and coworkers. Facebook develops technologies that facilitate the sharing of information through the "social graph" – the digital mapping of people's real-world social connections.

Facebook provides a platform that third parties may use to develop virtually any type of application, including video game applications. Plaintiff alleges that Defendant Yao Wei Yeo, an individual applications developer unrelated to Facebook, launched a game called *ChainRxn* on Facebook's platform, which looks and feels like *Boomshine*, thereby infringing his purported intellectual property rights. Compl. ¶¶ 14-17. Essentially, Plaintiff seeks to hold Facebook liable for Defendant Yeo publishing and distributing an application on Facebook's platform despite the fact that Facebook took no part in creating, launching or hosting that application.

### B. Facebook's Terms Of Use

Plaintiff admits that he is a Facebook user. *See e.g.*, Compl. ¶ 22. Facebook's business records show that Plaintiff became a registered Facebook user on February 12, 2006. *See* Declaration of Tina Doshi ("Doshi Decl."), ¶ 3, Ex. A.

When Plaintiff registered, all prospective Facebook users were required to navigate through a series of registration prompts and web pages where they provided a valid e-mail address, created a password, selected a college and agreed to the terms of the TOU. Doshi Decl., at ¶ 5, Ex. B. Specifically, at one of the

3

final registration pages, registrants were required to check a box representing that: "I have read and agree to the Terms of Use."  *Id.*  To become a registered Facebook, Plaintiff was required to complete each of the those steps; otherwise, he could not complete the registration process.  *Id*.

Only those individuals who agree to the TOU can become registered Facebook users.  Facebook's TOU constitutes a contractual agreement between Facebook and registered users that regulates such registered user's access to the Facebook website and service, including Plaintiff.  *See id.* ¶ 3; Ex. A.  The TOU includes several operative provisions that govern the relationship between Facebook and its registered users.

Facebook's TOU contains clear forum-selection, choice of law, and personal jurisdiction clauses that control the resolution of any claims by a registered Facebook user about or involving the Facebook website or service, including Plaintiff's complaint.  *See* Doshi Decl., Ex. A, page 5, "Governing Law and Venue Section."  "Specifically, the section entitled "Governing Law and Venue" states:

> If there is any dispute about or involving the Web site and/or the Service, you agree that the dispute will be governed by the laws of the State of California without regard to its conflict of law provisions. **You also agree to the exclusive jurisdiction and venue of the courts of the state and federal courts of Santa Clara County, California and waive all defenses of lack of personal jurisdiction and forum non conveniens.**  Any cause of action by you with respect to the Web site and/or the Service must be instituted within one (1) year after the cause of action arose or be forever waived and barred.

4

Doshi Decl., ¶ 3, Ex. A at page 5 (emphasis added).

Anyone who registered to use Facebook's website on or about February 12, 2006 was required to signify that they had read and agreed to be bound by Facebook's TOU. *Id*. ¶ 4. When Plaintiff registered to use Facebook, he agreed to be bound by Facebook's TOU, which mandates this lawsuit be resolved by a California court.

### III.  ARGUMENT

Under 28 U.S.C. § 1404(a), the Court is authorized to transfer this action to the United States District Court for the Northern District of California.[1] Section 1404(a) was designed to "prevent waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Hoffman v. Medquist, Inc.*, 2005 U.S. Dist. LEXIS 29995 at * 5 (N.D. Ga 2005). Pursuant to 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." *Id.; see also* MOORE'S FEDERAL PRACTICE, §111.12[1][a] at p. 111-53. Declaration of Yvonne Greer in Support of Motion to Transfer Venue ("Greer Decl.") at Ex. 2.

---

[1] Based on the same grounds that Facebook seeks a venue transfer, Facebook is entitled to request that the action be dismissed. *See, e.g., Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998). This would force Plaintiff to re-file in the proper venue. However, as a matter of efficiency and to avoid creating needless expense and burden, Facebook is merely asking the Court to transfer the action to the proper venue, rather than seeking dismissal.

Here, the parties entered into a clear and unambiguous forum-selection clause designating California as the exclusive forum. In the interest of justice, this Court should enforce the parties' previously established choice of forum.

The United States Supreme Court has specifically held that courts should enforce forum-selection clauses, stating that a "valid forum selection clause [should be] given controlling weight in all but the most exceptional cases." *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988). Courts in the Eleventh Circuit recognize the principle that parties opposing the enforcement of a forum-selection provision bear a heavy burden:

> The question of whether a contract containing a valid and reasonable choice of forum provision changes the burden of persuasion has been painfully and arduously answered in this circuit... Because the plaintiff has already chosen the contractual venue in the contract, the theory is that the concern for preserving the plaintiffs' right to choose their forum by filing suit is no longer present. The opposing party, therefore, bears the burden 'of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute.' ... This burden is extremely difficult to overcome.

*Picken v. Minuteman Press Int'l, Inc.*, 854 F. Supp. 909, 910-11 (N.D. Ga. 1993) (citations omitted) (Forrester, J.).[2]

In deciding whether to transfer a case, the "Court must weigh the plaintiff's forum choice against considerations of convenience, cost, judicial economy and expedition of discovery and trial processes." *Stephens v. Entre Computer Centers,*

---

[2] Facebook reserves its right to assert the choice of law provision in the TOU, which establishes that the parties have agreed that any substantive issues raised in any dispute about or involving the Facebook website or service shall be governed by California law.

*Inc.*, 696 F. Supp. 636, 640 (N.D. Ga. 1998) (citing *Intergraph Corp v. Stottler, Stagg & Associates, Inc.*, 595 F. Supp. 976, 978 (N.D. Ala. 1984)). Since plaintiffs have exercised the right to choose their forum when contractually agreeing to a forum-selection clause, courts find that a forum-selection clause will rarely be outweighed by other 1404(a) factors. *See, e.g., Vickers v. Wells,* No. 1:05-CV-0930-RWS, 2006 U.S. Dist. LEXIS 2692, at * 7 (N.D.Ga. Jan. 11, 2006).

The presence of a forum-selection clause will be "a significant factor that figures centrally in the district court's calculus." *Stewart Org.*, 487 U.S. at 29. "Thus, while other factors might 'conceivably' militate against a transfer . . . the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *P & S Bus. Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (*quoting In re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir. 1989)).

Indeed, this Court has observed that a forum-selection clause is entitled to "unique and considerable weight in the § 1404(a) analysis," and that accordingly a court will decline to enforce a forum-selection clause only in an "exceptional" situation. *Vickers*, 2006 U.S. Dist. LEXIS, 2692 at *7. As stated by the Eleventh Circuit Court of Appeals in *In re Ricoh Corp.:*

> In attempting to enforce the contractual venue, the movant is no longer attempting to limit the plaintiff's right to choose its forum; rather, the movant is trying to enforce the forum that the plaintiff had already chosen: the contractual venue. In such cases, we see no reason why a court should accord deference to the forum in which the plaintiff filed its action. Such deference to the filing forum would only encourage

parties to violate their contractual obligations, the integrity of which are vital to our judicial system.

*In re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir. 1989).

In the present case, this Court should grant this motion to transfer because Plaintiff, a registered Facebook user, assented to the forum-selection, choice of law, and personal jurisdiction provisions contained in Facebook's TOU. The TOU explicitly provides that a dispute **must** be brought in California and expresses the parties' intent that all suits arising out of the TOU would be litigated in California. Doshi Decl., ¶ 3, Ex. A at 5.

There is no question that this case is "about or involving the [Facebook] Web site and/or the [Facebook] Service" since it involves Plaintiff's claims regarding *Boomshine* and the allegedly infringing work placed on facebook.com by Yeo.[3] The TOU provides that the courts in Santa Clara County, California shall have exclusive jurisdiction and venue over any dispute between Plaintiff and Facebook regarding the website.

Beyond the strength of the forum-selection provision in the TOU, California is otherwise the most convenient forum under § 1404(a). The location of the parties, the documents and the witnesses strongly favors transfer to California. Facebook's principal place of business is in Palo Alto, California. *See* Doshi Decl.

---

[3] On information and belief, Plaintiff makes his claimed work available at facebook.com. Greer Decl. ¶ 2; Ex. 1.

¶ 2.  On information and belief, Defendant Yeo and his relevant documents are located in California as well.  *See* Greer Decl. at ¶ 3.  All Facebook employees with knowledge of this matter reside in California.  Doshi Decl. ¶ 2.  Upon information and belief, there are no witnesses in this case who reside in Georgia apart from Plaintiff.  Facebook's relevant documents, systems and records are all located in California.  Doshi Decl. ¶ 2.  Also, on information and belief, Mr. Yeo's documents and records are located in California.  *See* Greer Decl. ¶ 3.

Further, Plaintiff cannot demonstrate that any other parties in this case reside in Georgia, or that any other documents relevant to this action are located in Georgia.  Therefore, along with being the forum selected by agreement between Plaintiff and Facebook, California is the most convenient forum for this case.

In contrast, if this case remains in Georgia, Defendants will suffer a considerable burden in litigating in a distant location.  Defendants would be forced to incur considerable travel and accommodation expenses to attend trial, if any, and party witnesses would have to travel and incur related expenses.  Additionally, given that no known *non*-parties reside in Georgia, compulsory process is more readily available for a greater number of potential non-party witnesses in California than in Georgia.[4]

---

[4] Based on the record before the Court, it appears likely that were this case to be kept in Georgia, compulsory process would be unavailable even over a party: Defendant Yeo appears to have no contacts with the State of Georgia and would

Given that (i) the Plaintiff and Facebook agreed to California as the forum for this dispute in the TOU, (ii) that both Defendants and the potential witnesses reside in California, (iii) that substantially all relevant documents, records and systems are located in California, and (iv) that no relevant witnesses or documents – other than the Plaintiff and Plaintiff's documents – are located in Georgia, the record shows that this case should be transferred to the Northern District of California. As such, Facebook respectfully requests that the Court transfer this case to the United States District Court for the Northern District of California to effectuate the parties' intent that their disputes be litigated in California. *See Picken*, 854 F. Supp. at 910-11 (transferring case under § 1404 based on forum-selection clause).

## IV.   CONCLUSION

For all the foregoing reasons, Facebook's Motion to Transfer Venue should be granted.

Respectfully submitted this 2nd day of December, 2009.

> MORRIS MANNING & MARTIN LLP
> /s/Jason P. Wright
> Jason P. Wright
> Georgia Bar No. 778280
> W. Andrew McNeil
> Georgia Bar No. 498636

---

thus not be subject to personal jurisdiction there. On the other hand, compulsory process over Mr. Yeo would appear to be available in California.

                                        1600 Atlanta Financial Center
                                        3343 Peachtree Road, N.E.
                                        Atlanta, Georgia 30326-1044
                                        Tel: (404) 233-700
                                        Fax: (404) 365-9532
                                        jwright@mmmlaw.com
                                        amcneil@mmmlaw.com

*Attorneys for Defendant Facebook, Inc.*

## Local Rule 7.1 Compliance

Pursuant to L.R. 7.1D, this is to certify that the foregoing FACEBOOK, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO TRANSFER VENUE complies with the font and point selections approved by the Court in L.R. 5.1C. The foregoing document was prepared on computer using the Times New Roman font (14 point).

/s/Jason P. Wright
Jason P. Wright
Georgia Bar No. 778280

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, December 2, 2009, I caused the forgoing FACEBOOK, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO TRANSFER VENUE to be filed electronically with the Clerk of the Court through ECF, and that ECF will send an e-notice to the attorneys of record in this case. Additionally the undersigned certifies that he has sent email notification of filing directly to those attorneys who have not yet entered a notice or appearance in this case:

Douglas L. Bridges
Georgia Bar No. 080889
Glenlake Parkway, Suite 700
Atlanta, GA 30328
Tel: (678) 638-6309
Fax: (678) 638-6201
dbridges@hgdlawfirm.com

        BY:

        MORRIS MANNING & MARTIN LLP
        /s/ Jason P. Wright
        Jason P. Wright
        Georgia Bar No. 778280
        W. Andrew McNeil
        Georgia Bar No. 498636

        1600 Atlanta Financial Center
        3343 Peachtree Road, N.E.
        Atlanta, Georgia 30326-1044
        Tel: (404) 233-700
        Fax: (404) 365-9532
        jwright@mmmlaw.com
        amcneil@mmmlaw.com

        *Attorneys for Defendant Facebook, Inc.*