# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DANIEL M. MILLER, | &#124; |
| | &#124; |
| Plaintiff, | &#124; |
| | &#124;   Civil Action No. 1:09-CV-2810-RLV |
| v. | &#124; |
| | &#124; |
| FACEBOOK, INC.; and | &#124; |
| YAO WEI YEO, | &#124; |
| | &#124; |
| Defendants. | &#124; |
| | &#124; |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT FACEBOOK, INC.'S MOTION TO TRANSFER VENUE

COMES NOW the Plaintiff, Daniel M. Miller, by and through undersigned counsel, and requests that this Court deny Defendant Facebook, Inc.'s Motion to Transfer Venue ("Defendant's Motion"), and as grounds therefore, would state the following:

**I.    Facebook's Terms of Use ("TOU") Constitutes a Contract of Adhesion and Is Inapplicable and Unenforceable as to the Plaintiff's Claims.**

In its Motion, the Defendant states that Plaintiff became a registered "Facebook" user on February 12, 2006, and in so doing, agreed to the Terms of Use ("TOU") then in effect (and attached to Defendant's Motion as Exhibit "A" to the Declaration of Tina Doshi). Contained within the TOU is a "Governing Law

and Venue" clause which provides that the user agrees "to the exclusive jurisdiction and venue of the courts of the state and federal courts of Santa Clara County, California" presumably as to any "dispute about or involving the Web site and/or the Service."  *See* Doshi Decl., Ex. A, p. 5.  It is upon this language that Facebook primarily bases its Motion seeking to force the Plaintiff, a college student residing in Atlanta, to litigate his copyright infringement and unfair competition claims against Facebook in its home forum, the Northern District of California.  However, the TOU, if a valid contract, is a contract of adhesion which is to be strictly construed against Facebook, and the Plaintiff's claims fall outside the scope of the TOU.  Therefore, the Defendant's reliance on the TOU is misplaced, and should not serve as a means by which the Plaintiff's choice of forum, and the deference accorded it by law, is completely disregarded.

It is undisputed that the TOU, if a valid contract, is a contract of adhesion. Such a contract is defined as "a standardized contract offered on a 'take it or leave it' basis and under such conditions that a consumer cannot obtain the desired product or service except by acquiescing in the form contract."  *See Hosp. Auth. of Houston County v. Bohannon*, 611 S.E.2d 663, 666 (Ga. Ct. App. 2005).  "Such contracts, while permissible, are construed strictly against the drafter."  *Id.*  Any ambiguities in an adhesion contract are strictly construed against the drafter.  *See Western Pacific Mut. Ins.Co. v. Davies*, 601 S.E. 2d 363, 369 n. 5 (Ga. Ct. App.

2004).  The language of the TOU's "Governing Law and Venue" provision is so broad as to be wholly ambiguous.  It purports to force a user to litigate "any dispute about or involving the Web site and/or the Service" in the state and federal courts of Santa Clara County, California.  If construed strictly against Facebook, such a provision must be interpreted to mean that any disputes between the user and Facebook *about the service provided by Facebook* must be litigated in a California court (said service being "an online directory that connects people through networks of academic and geographic centers" which is "available for your personal, non-commercial use only" as spelled out elsewhere in the TOU.) *See* Doshi Decl., Ex. A, p. 1.  However, a simple reading of the Complaint filed by Mr. Miller against Facebook reveals that his claims have nothing to do with any dispute regarding the service provided by Facebook.  Or as Facebook puts it in its Motion, the "Plaintiff seeks to hold Facebook liable for Defendant Yeo publishing and distributing an application on Facebook's platform despite the fact that Facebook took no part in creating, launching or hosting that application." *See* Defendant's Motion, p. 3.  By Facebook's very description of the Plaintiff's claims, it is indisputably evident that this action is not about a dispute over the service provided by Facebook to Mr. Miller as a user of the Facebook website.

Furthermore, the Eleventh Circuit has held that appropriately worded forum selection clauses control "all causes of action arising directly or indirectly from *the*

*business relationship evidenced by the contract*."  *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987) (emphasis added).  Clearly, whatever business relationship there is between Facebook and Mr. Miller, as evidenced by the TOU, is simply one where Facebook has agreed to provide Mr. Miller with access to the Facebook website for his "personal, non-commercial use only."  *See* Doshi Decl., Ex. A, p. 1.  How, in all seriousness, can the Defendant maintain that Mr. Miller's claims of copyright infringement and unfair competition arise, either directly or indirectly, from his "personal, non-commercial use" of the Facebook web site?  Quite simply, it can't, and the forum selection clause upon which Facebook primarily relies in seeking to unduly burden and disadvantage Mr. Miller (by forcing him, a college student of limited means, to litigate against a global corporation of immense resources thousands of miles away in its home forum) is unenforceable and inapplicable to the case at bar.

**II.     Analysis of the §1404(a) Factors Requires Denial of the Defendant's Motion.**

As an afterthought, Facebook also notes that it believes that this action should be transferred to the Northern District of California under §1404(a).  However, Facebook fails to address each of the factors used by Courts in the 11th Circuit.  Facebook's failure to address these points is not surprising, as they weigh against the transfer of the matter to the Northern District of California.

A court may transfer venue of a case for "the convenience of parties and witnesses [or] in the interests of justice." 28 U.S.C. § 1404(a). The plaintiff s choice of forum, however, should not be disturbed "unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir.1996).  The factors that a court should evaluate when determining whether to transfer a case under §1404(a) include: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).  However, when evaluating these factors, transferring venue is not appropriate when granting such a motion would "merely shift inconvenience from defendants to plaintiff," *Robinson*, 74 F.3d at 260.

The majority of the factors do not favor the defendant or the plaintiff.  The convenience of the witnesses and parties does not favor either the Plaintiff or the Defendant.  Facebook's motion seeks to transfer this action to its home district.  Accordingly, Plaintiff Miller would be required to travel to California to testify and

attend trial, rather than being able to attend and testify near his home in Georgia. While having a trial in the Northern District of California would be more convenient for Facebook's witnesses, changing the venue would impermissibly just shift any burden from the Defendant to the Plaintiff.

In the same manner, the locus of operative facts, location of documents, and the forum's familiarity with governing law do not favor either party.  The operative facts occurred both in California (Defendants' actions) and Georgia (Plaintiff's actions) and documents related to these facts exist in both jurisdictions.  Even more importantly, all of the documents in this case are likely electronic documents which will be equally convenient to produce and inspect regardless of venue.  *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000) (noting that accessibility and location of sources of proof  "have been given decreasing emphasis due to advances in copying technology and information storage"). In addition, the case hinges primarily on Federal laws, which both venues are equally familiar.

The final three factors, however, all favor Plaintiff Miller.  First, and most importantly, the relative means of the parties is heavily in favor of Plaintiff Miller. Facebook is a large corporation with immense means.  This is in stark contrast to Plaintiff Miller, who is an independent software developer and college student at Georgia Institute of Technology.  This difference in resources weighs enough by

itself to warrant the denial of Facebook's motion.  However, more factors favor the denial of Facebook's motion to transfer venue.

The interests of justice and the weight of a Plaintiff's chosen forum both heavily favor the denial of Facebook's motion to transfer venue.  These two factors embody an important fact regarding the disposition of this case: the Northern District of Georgia has an intense interest to resolve disputes regarding its residents, especially since the resident, Plaintiff Miller, has chosen this Court.  *See Lasalle Bank N.A. v. Mobile Hotel Props., LLC*, 274 F. Supp. 2d 1293, 1301 (S.D. Ala. 2003) ("Courts will accord great deference to the plaintiff's choice of forum if the forum is in the district in which it resides.").

## III.   Conclusion

For the reasons stated above, Plaintiff Miller hereby requests that the Court deny Facebook's motion to transfer.

Dated: December 21, 2009                    Respectfully submitted,


                                            s/  Douglas L. Bridges
                                            Douglas L. Bridges (080889)
                                            dbridges@hgdlawfirm.com
                                            **HENINGER GARRISON DAVIS**
                                            1 Glenlake Parkway,
                                             Suite 700
                                            Atlanta, Georgia 30328

Tel:    678-638-6308
Fax:    678-638-6201

s| Brian D. Hancock
Brian D. Hancock
AL Bar No. : ASB -0874-B695H
TN Bar No.: 022827
bdhancock@hgdlawfirm.com
**HENINGER GARRISON DAVIS**
2224 - 1st Avenue North
Birmingham, AL 35203
Tel: 205-326-3336
Fax: 205-326-3332
Attorneys for Plaintiff

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1C, the undersigned counsel certifies that the foregoing has been prepared in Times New Roman 14 point, one of the four fonts and points approved by the Court in LR 5.1C.


<u>/s/ Douglas L. Bridges</u>
Douglas L. Bridges
Georgia Bar No. 080889

# CERTIFICATE OF SERVICE

I hereby certify that on this date, December 21, 2009, I caused to be electronically filed, the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

*All Counsel of Record.*

December 21, 2009.                              Respectfully Submitted

/s/ Douglas L. Bridges
Douglas L. Bridges (080889)
HENINGER GARRISON DAVIS
1 Glenlake Parkway, Suite 700
Atlanta, GA 30328
Tel: 678-638-6309
Fax: 678-638-6142